Michael S. Kogan (SBN 128500)
Michael V. Mancini (SBN 263799)
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone  (310) 273-6333
Facsimile  (310) 859-2325
mkogan@ecjlaw.com

Attorneys for Debtor

FILED & ENTERED

APR 25 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoar DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re CENTERSTONE DIAMONDS, INC., | Case No. 2:09-bk-23944-VZ |
| Debtor. | Chapter 11 |
| *Jointly Administered with* | (Jointly Administered With 2:09-bk-23945-VZ) |
| In re MICHAEL BEAUDRY, INC., | |
| Debtor. | **ORDER GRANTING MOTION TO CONFIRM THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR CENTERSTONE DIAMONDS, INC. AND MICHAEL BEAUDRY, INC.** |
| ☒ Applies only to Centerstone Diamonds, Inc. | |
| ☐ Applies only to Michael Beaudry, Inc.. | Confirmation Hearing:<br>Date:    March 24, 2011<br>Time:   1:30 p.m.<br>Place:  Courtroom 1368 |

The Court having considered the Third Amended Joint Plan of Reorganization for Centerstone Diamonds, Inc. and Michael Beaudry Inc.(the "Plan") filed by Centerstone Diamonds, Inc. ("CDI") and  Michael Beaudry Inc. ("MBI"), the debtors and debtors in possession herein in these jointly administered bankruptcy cases (collectively, the "Debtor" or "Beaudry"), came on for hearing before the Honorable Vincent Zurzolo, Untied States Bankruptcy Judge.  Appearances are as noted on the record of the hearing.

The Court, after reviewing and considering the Plan and the Confirmation Motion, the

IDOCS:12999.3:1191775.1

Ervin, Cohen
& Jessup LLP

ORDER CONFIRMING THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR CENTERSTONE
DIAMONDS, INC. AND MICHAEL BEAUDRY, INC..

Notice of Motion and Plan, the Declaration of Michael Beaudry in Support, the Ballot Talley and other documents filed in support of Confirmation of the Plan, striking the Objection of Secured Creditor FCC, LLC to Confirmation of Debtors' Third Amended Joint Plan of Reorganization (the "Objection") filed by FCC, LLC ("FCC"), arguments made at the hearing, considering the evidence entered on the record, finding that notice was proper, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that the Confirmation Motion is granted and:

1. Unless otherwise indicated, as used herein, capitalized terms shall have the meanings ascribed to those terms in the Plan. The Plan is confirmed in its entirety.

2. On the Effective Date of the Plan, the Plan shall bind the Debtor, and all creditors and interest holders, whether or not the respective claims or interests of such creditors or interest holders are impaired under the Plan, whether or not such creditors or interest holders have accepted the Plan, and whether or not such creditors or interest holders have filed proofs of claim or interest.

3. On the Effective Date of the Plan, all entities that have held, currently hold or may hold a claim or other debt or liability that is discharged, or an interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor, the Estate, or their property on account of any such discharged claims, debts or liabilities or terminated interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; (v) commencing or continuing any action in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

4. By accepting distribution pursuant to the Plan, each holder of an allowed claim or allowed interest receiving distributions pursuant to the Plan will be deemed to have specifically consented to the injunctions set forth in this Order.

5. All requests for payment of administrative costs and expenses not already filed with the Bankruptcy Court shall be filed with the Bankruptcy Court and served on counsel for the Reorganized Debtor within thirty (30) days of the Effective Date of the order confirming the Plan, or such request or claim is deemed disallowed. The Reorganized Debtor or any party in interest shall have the right to file objections, if any, to such request for payment within sixty (60) days of the Effective Date, or such request shall be deemed allowed.

6. All requests for payment of administrative costs and expenses incurred prior to the Effective Date of the Plan pursuant to sections 507(a)(1) or 507(b) of the Bankruptcy Code for professionals employed by the Estate (the "Professional Fee Claim") shall be allowed only if: (a) the professional holding the Professional Fee Claim both files with the Court an application requesting that the Reorganized Debtor pay the Professional Fee Claim and serves the application on the Reorganized Debtor and the Reorganized Debtor's counsel; and (b) the Professional Fee Claim is allowed by a Final Order. The Reorganized Debtor or any other party in interest may file an objection to such Professional Fee Claim within the time provided by the Bankruptcy Rules or within any other period that the Court establishes. Persons holding Professional Fee Claims who do not timely file and serve an application for payment will be forever barred from asserting these Claims against the Reorganized Debtor or its property.

7. On the Effective Date, and subject to objections, any unexpired lease or executory contracts set forth in the Plan to be assumed, if any, will be assumed. Also on the Effective Date, and subject to objections, any unexpired lease or executory contracts set forth in the Plan to be rejected, if any, shall be deemed rejected. This Confirmation Order shall constitute a Court order approving the rejection of each lease and contract to which the Debtor was a party. Any Claim for damages arising from the rejection under the Plan of any executory contract or unexpired lease must be filed with the Court and served upon the Reorganized Debtor, and the Reorganized Debtor's counsel and counsel for the Plan Proponent within thirty (30) days after the entry of this Confirmation Order. Any such damage Claims that are not timely filed and served will be forever barred and unenforceable against the Estate, the Reorganized Debtor, and their respective property. Persons holding such claims who have failed to file and serve timely damage Claims

will be barred from receiving any distributions under the Plan on account of their damage Claims.

8. The Reorganized Debtor shall have the sole right under the Plan to pursue Avoidance Actions. All Avoidance Actions are preserved under the Plan for the benefit of the Reorganized Debtor. All professional fees incurred in pursuing the Avoidance Actions may be paid by the Reorganized Debtor with any surplus revenue remaining after all other payments required under the Plan are paid, without the necessity of a Bankruptcy Court order. However, the Bankruptcy Court reserves exclusive jurisdiction to decide any and all disputes regarding the payment of the fees and costs related to post-confirmation professional fees, upon request of a party-in-interest.

9. The Bankruptcy Court retains jurisdiction to the extent permitted under applicable law, to resolve disputes and conflicts arising from the administration of the Plan.

10. The Reorganized Debtor shall file a status report ("Report") within 120 days of entry of this Order, explaining what progress has been made toward consummation of the Plan. The initial Report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further Reports shall be filed every one hundred and eighty (180) days thereafter and served on the same entities, unless otherwise ordered by the Court.

11. Except as provided in the Plan or in any agreements contemplated under the Plan, the Plan's confirmation revests all of the Estate's property in the Reorganized Debtor, and the property dealt with by the Plan is free and clear of all claims and interests of creditors and equity security holders, except as provided by the terms of the Plan. The Debtor shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. Section 1141, and the Plan shall release liabilities for all parties as set forth in the Plan. Payment of all allowed Claims of the Estate by the Disbursing Agent pursuant to the terms of the Plan shall constitute a full and final satisfaction of any and all Claims against the Debtor and the Estate. However, the discharge will not discharge any liability imposed by the Plan.

///

12. Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Debtor may file a motion with the Court to obtain a final decree to close the Case.

# # # #

DATED: April 25, 2011

*[signature: Vinc P. Zurzolo]*

United States Bankruptcy Judge

|  |  |
|---|---|
| In re: CENTERSTONE DIAMONDS INC.<br>    *(Jointly Administered with)*<br>In re: MICHAEL BEAUDRY, INC.<br><br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 2:09-bk-23944-VZ<br>*(Jointly Administered with)* 2:09-bk-23945-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9401 Wilshire Boulevard, 9th Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing documents described as: **ORDER GRANTING MOTION TO CONFIRM THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR CENTERSTONE DIAMONDS, INC. AND MICHAEL BEAUDRY, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 19, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 19, 2011 | Kimberly Anthony | /s/Kimberly Anthony |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Ervin, Cohen & Jessup LLP

IDOCS:12999.3:1191775.1         6
ORDER CONFIRMING THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR CENTERSTONE DIAMONDS, INC. AND MICHAEL BEAUDRY, INC..

| | |
|---|---|
| In re: CENTERSTONE DIAMONDS INC.<br>*(Jointly Administered with)*<br>In re: MICHAEL BEAUDRY, INC.<br><br>Debtor(s). | CHAPTER: 11<br>CASE NUMBER: 2:09-bk-23944-VZ<br>*(Jointly Administered with)* 2:09-bk-23945-VZ |

**ADDITIONAL SERVICE INFORMATION (if needed):**

<u>SERVED VIA U.S. MAIL</u>

Hon. Vincent P. Zurzolo
U.S. Bankruptcy Court
255 E. Temple St., #1360
Los Angeles, CA 90012

<u>Debtors</u>
Centerstone Diamonds Inc./Michael Beaudry Inc.
323 W. 8th St.
Los Angeles, CA 90014

Office of the U.S. Trustee
725 S. Figueroa St. #2600
Los Angeles, CA 90012

Dare Law
Office of the U.S. Trustee
725 S. Figueroa St. #2600
Los Angeles, CA 90012

Bank of America
c/o Glen Dresser
12650 Riverside Dr #100
No. Hollywood, CA 91607

IRS
Elaine T. Fuller
300 N. Los Angeles St.    Rm. 3018
Los Angeles, CA 90012

Matthew A Gold
Argo Partners
12 W 37 St 9th Fl
New York, NY 10018

Julian I Gurule
Milbank Tweed Hadley & McCloy LLP
601 S Figueroa St 30th Fl
Los Angeles, CA 90017

Louis E Kempinsky/
Jennifer Leland/ Monserrat Morales/Scott F. Gautier
Peitzman, Weg & Kempinsky LLP
10100 Santa Monica Blvd Ste 1450
Los Angeles, CA 90067

Andy Kong/Mette H. Kurth/ Aram Ordubegian
Arent Fox LLP
555 W Fifth St Ste 4800
Los Angeles, CA 90013

Deborah Terranova
Real Estate Law Group    LLP
4927 Maplewood Dr
Rome, OH 44085

Kimberly S Winick
Clark & Trevithick
800 Wilshire Blvd 12th Fl
Los Angeles, CA 90017

Jeff D. Kahane
Duane Morris LLP
865 S. Figueroa St. #3100
Los Angeles, CA 90017

Dan E. Chambers/Meghan C. Sherrill
Troutman Sanders
5 Park Plaza #1400
Irvine, CA 92614

Daniel K Fujimoto
The Wolf Firm
2955 Main St 2nd Fl
Irvine, CA 92614

Frank F McGinn
Bartlett Hackett Feinberg PC
155 Federal St 9th Flr
Boston, MA 02110

Joel B. Weinberg
9701 Wilshire Blvd. #800
Beverly Hills, CA 90210

| In re: Centerstone Diamonds, Inc. (jointly administered with) Michael Beaudry, Inc.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:09-bk-23944-VZ (jointly administered with) 2:09-bk-23945-VZ |
|---|---|

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.

2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) Category I. below: The United States trustee and case trustee (if any) will always be in this category.
4) Category II. below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (specify)

**ORDER GRANTING MOTION TO CONFIRM THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR CENTERSTONE DIAMONDS, INC. AND MICHAEL BEAUDRY, INC.**

was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below.

I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF") Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of April 19, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

II. SERVED BY THE COURT VIA U.S. MAIL: A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

III. TO BE SERVED BY THE LODGING PARTY: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

IDOCS:12999.3:1191775.1

Ervin, Cohen & Jessup LLP

ORDER CONFIRMING THIRD AMENDED JOINT PLAN OF REORGANIZATION FOR CENTERSTONE DIAMONDS, INC. AND MICHAEL BEAUDRY, INC..

| In re: : Centerstone Diamonds, Inc. (jointly administered with) Michael Beaudry, Inc.<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 2:09-bk-23944-VZ (jointly administered with) 2:09-bk-23945-VZ |
|---|---|

**ADDITIONAL SERVICE INFORMATION (if needed):**

**SERVED ELECTRONICALLY**

Dan E Chambers on behalf of Defendant Gail Levine - dan.chambers@troutmansanders.com
Glen Dresser on behalf of Creditor BANK OF AMERICA - gombd@aol.com
Elaine T Fuller on behalf of Creditor INTERNAL REVENUE SERVICE - elaine.t.fuller@irscounsel.treas.gov
Scott F Gautier on behalf of Creditor FCC LLC - sgautier@pwkllp.com
Matthew A Gold on behalf of Creditor Argo Partners - courts@argopartners.net
Julian I Gurule on behalf of Creditor First Capital Western Region, LLC - jgurule@milbank.com
Jeff D Kahane on behalf of Defendant Bernie Robbins Jewelers, Inc., a New Jersey corporation dba Bernie Robbins Jewelers ; jkahane@duanemorris.com
Louis E Kempinsky on behalf of Creditor FCC LLC - lkempinsky@pwkllp.com
Andy Kong on behalf of Creditor Committee Official Committee of Unsecured Creditors of Centerstone Diamonds, Inc., and Michael Beaudry, Inc. - Kong.Andy@ArentFox.com
Mette H Kurth on behalf of Creditor Committee Official Committee of Unsecured Creditors of Centerstone Diamonds, Inc., and Michael Beaudry, Inc. - kurth.mette@arentfox.com
Dare Law on behalf of U.S. Trustee United States Trustee (LA) - dare.law@usdoj.gov
Jennifer Leland on behalf of Creditor FCC LLC - jleland@pwkllp.com
Monserrat Morales on behalf of Creditor First Capital Western Region, LLC - mmorales@pwkllp.com
Aram Ordubegian on behalf of Creditor Committee Official Committee of Unsecured Creditors of Centerstone Diamonds, Inc., and Michael Beaudry, Inc. - ordubegian.aram@arentfox.com
Meghan C Sherrill on behalf of Defendant Gail Levine - meghan.sherrill@troutmansanders.com
Deborah Terranova on behalf of Creditor Jason Hoffman - dterranova9@yahoo.com
United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov
Kimberly S Winick on behalf of Interested Party Courtesy NEF - kwinick@clarktrev.com
Daniel K Fujimoto on behalf of Creditor Bank of America, N.A. - wdk@wolffirm.com
Frank F McGinn on behalf of Interested Party Courtesy NEF - ffm@bostonbusinesslaw.com
Joel B Weinberg on behalf of Mediator Joel Weinberg - jbothell@askfinancial.com
Michael S Kogan on behalf of Debtor Centerstone Diamonds Inc - mkogan@ecjlaw.com

**SERVED VIA U.S. MAIL1**

<u>Debtors</u>
Centerstone Diamonds Inc./
Michael Beaudry Inc.
323 W. 8th St.
Los Angeles, CA 90014